## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER**,

Plaintiff,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY** and
**UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,**

Defendants.

---

### COMPLAINT

---

### NATURE OF THE CASE

1.     In this action, brought pursuant to the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552, *et seq.*, Plaintiff seeks declaratory and injunctive relief to effect the release by

the Defendants of agency records that Plaintiff has requested from the Defendants pursuant to

FOIA.

2.     Plaintiff, Civil Rights Education and Enforcement Center ("CREEC"), is a

non-profit corporation organized under the laws of the State of Colorado that is dedicated to

protecting and defending the civil rights of individuals and educating the public concerning civil

rights issues.

3.     Defendants, agencies of the U.S. Government, maintain a network of detention

facilities at which individuals who are not United States citizens are confined under authority

exercised by the Defendants.  With few exceptions, these individuals are confined in county jails or private facilities that are operated by public or private entities pursuant to contracts with the Defendants.

4.      In recent years, there has developed significant public interest and controversy over the conditions of confinement of immigrant detainees placed into custody by the Defendants.

5.      Defendants' network includes the Adelanto Detention Facility ("ADF") located in or near the city of Adelanto, California.  ADF is operated by GEO Group, Inc., a private entity, pursuant to a contract between the City of Adelanto and the Defendants, and an operating agreement between GEO Group and the City, under which ADF undertakes responsibility for confinement of individuals detained under authority and oversight of the Defendants.  ADF has been the subject of numerous complaints of substandard conditions of confinement, investigations of such complaints and conditions by non-governmental civil rights organizations, and reports to the public concerning substandard conditions of confinement issued by such organizations.  On information and belief, the Defendants possess considerable records and data regarding substandard conditions of confinement at ADF that have not been made available to the public.

6.      Defendants' network of detention facilities also includes the Etowah County Detention Center ("ECDC"), situated in the town of Gadsden, Alabama.  ECDC is operated by the Etowah County Sheriff's Office pursuant to a contract with the Defendants under which ECDC undertakes responsibility for confinement of individuals detained under authority and oversight of the Defendants.  ECDC has been the subject of numerous complaints of substandard

conditions of confinement, investigations of such complaints and conditions by non-governmental civil rights organizations, and reports to the public concerning substandard conditions of confinement issued by such organizations.  On information and belief, the Defendants possess considerable records and data regarding substandard conditions of confinement at ECDC that have not been made available to the public.

7.     In August and September of 2017, CREEC submitted to Defendants FOIA requests seeking agency records concerning conditions of confinement at ADF and ECDC of individuals detained pursuant to authority exercised by Defendants.  CREEC seeks the requested agency records in order to inform public debate regarding conditions of confinement at ADF and ECDC, and accountability and oversight measures that may be needed to address substandard conditions of confinement.

8.     Defendants have failed to comply with the statutory deadline for responding to CREEC's requests pursuant to FOIA.

9.     Defendants should not be permitted to ignore FOIA's requirements.  This Court should order Defendants to respond to CREEC's FOIA requests and disclose the requested records.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11.     Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

12.     CREEC is a non-profit organization that provides legal assistance, advocacy, and public education concerning actions, practices, and policies that abridge or threaten the civil rights of individuals in the United States.  CREEC has formed an internal immigration detainee task force charged with investigating suspected substandard conditions of confinement of non-citizens who have become immigration detainees pursuant to authority exercised by Defendants and, where warranted and appropriate, to consider litigation to vindicate the rights of such individuals.  CREEC's work that is the subject of this action has been undertaken by its immigration detainee task force.

13.     Disclosure of the requested records will shed light on Defendants and their subcontractors' operations and activities related to the confinement of immigration detainees. CREEC seeks the requested agency records in order to inform public debate regarding conditions of confinement at ADF and ECDC, and accountability and oversight measures that may be needed to address substandard conditions of confinement.

14.     Defendant United States Department of Homeland Security ("DHS") is a Cabinet department of the U.S. federal government with responsibilities for protecting the security of the United States.  Defendant United States Immigration and Customs Enforcement ("ICE") is a subsidiary component entity within DHS and is responsible for enforcing federal immigration and custom laws.  Both ICE and DHS are "agenc[ies]" within the meaning of 5 U.S.C. § 552(f)(1).  ICE and DHS have possession and control over records CREEC seeks and are responsible for responding to and fulfilling CREEC's FOIA request.

## **STATUTORY FRAMEWORK**

15.     "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

16.     To that end, FOIA requires federal agencies to make government records "promptly available to any person" unless an enumerated exemption applies. *See* 5 U.S.C. § 552(a)(3).

17.     In addition to the general requirement that records be made "promptly" available, FOIA sets forth a specific timeline for responding to an FOIA request.  In particular, the statute provides that a federal agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of," among other things, "such determination and the reasons therefor." *Id.* § 552(a)(6)(A)(i).  In "unusual circumstances," including a "need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records," that deadline may be extended for a period not to exceed ten additional business days. *Id.* § 552(a)(6)(B).

18.     FOIA provides that a requester may sue in federal court without waiting for an answer whenever an agency does not abide by the applicable deadline. *Id.* § 552(a)(4)(B), (a)(6)(C)(1).

**FACTUAL ALLEGATIONS**

A.    **Plaintiff's Requests for Records Regarding ADF**

19.    On August 15, 2017, at 4:40 p.m. MDT, CREEC electronically filed (at ICE-FOIA@dhs.gov) an FOIA request with ICE seeking certain categories of agency documents regarding conditions of confinement at ADF[1] and the Defendants' oversight thereof.  A true and correct copy of that written request is attached hereto as Ex. 1, and the cover e-mail is attached as Ex. 2.  This request was addressed as directed on the ICE website and as directed by Defendants' regulations for the most prompt disposition.  *See* 6 C.F.R. § 5.3.

20.    At 4:41 p.m. MDT on August 15, 2017, CREEC received an "automatic reply" from ICE-FOIA@ice.dh.gov stating that "ICE has received the information you submitted to the ICE-FOIA@dhs.gov mailbox."  This automatic reply also stated that "this courtesy reply does not replace the Acknowledgement Letter which will be sent to you once your request has been entered into our FOIA Request Tracking System."  The automatic reply is attached as Ex. 3.

21.    On September 5, 2017, CREEC's representative replied by e-mail to the automatic reply e-mail received from ICE-FOIA@dhs.gov on August 15, 2017, inquiring as to why CREEC had not received an "Acknowledgement Letter" regarding CREEC's ADF request, noting that the ICE FOIA website advised that CREEC should receive an Acknowledgement Letter three to five business days after a request is submitted.  A copy of the September 5, 2017

---

[1]    ADF has been variously referred to as Adelanto Detention Facility, Adelanto Detention Center, and the Adelanto ICE Processing Center.  The facility has two buildings, one known as Adelanto East located at 10400 Rancho Road, Adelanto, CA  93201, and the other known as Adelanto West located at 10250 Rancho Road, Adelanto, CA  92301.  For the purposes of this Complaint, ADF refers to the facility located at both of these addresses.  CREEC's FOIA requests regarding ADF made a similar reference to the location of the facility.

e-mail is attached as Ex. 4.  CREEC received an automatic reply to this e-mail, which is attached as Ex. 5.

22.     On September 7, 2017, CREEC's representative called (866) 633-1182, the number listed on the ICE FOIA website, https://www.ice.gov/foia/overview, but was unable to leave a message or speak to someone from the ICE FOIA Office about the pending FOIA request.  The answering auto-attendant provided two options related to FOIAs.  The CREEC representative first selected an option that forwarded this call to a voicemail box; however, the box was full and the CREEC representative was unable to leave a message.  The CREEC representative redialed the number, and selected an option that offered the opportunity to speak to someone about pending FOIA requests, but the line produced a busy signal and then disconnected.  The CREEC representative redialed and reselected the same option but was again connected to a full voicemail box where she could not leave a message.

23.     Also on September 7, 2017, CREEC's representative called the ICE Office of Diversity and Civil Liberties and spoke to a female employee.  That individual was unable to assist in obtaining an Acknowledgement Letter for CREEC's request, but did provide contact information for one Mark Bittner of the ICE FOIA office as an individual who could do so.  CREEC's representative e-mailed Mr. Bittner and inquired as to why CREEC had not received an Acknowledgement Letter regarding the ADF request, and attached the original FOIA request letter sent on August 15, 2017.  The e-mail to Mr. Bittner is attached hereto as Ex. 6.

24.     Mr. Bittner never responded to this e-mail, but on September 8, 2017, CREEC received an e-mail from ice-foia@dhs.gov with an Acknowledgement Letter in response to its

August 15 FOIA request regarding ADF.  The letter provided a reference number for the request, 2017-ICFO-45386.  The September 8, 2017 e-mail is attached hereto as Ex. 7.

25.     On September 14, 2017, CREEC's representative used the Department of Homeland Security "Check Status of Request" website, https://www.dhs.gov/foia-status, to determine the estimated time of delivery for its ADF request.  The Defendants are required to maintain this facility under FOIA, 5 U.S.C. § 552(f)(2).  The website reported that the estimated time of delivery for Request No. 2017-ICFO-45386 was October 2, 2017.

26.     On September 19, 2017 at 10:11 a.m. MDT, CREEC electronically filed (at ICE-FOIA@dhs.gov) a further FOIA request with ICE seeking categories of agency documents regarding administrative and disciplinary segregation at ADF.  A true and correct copy of that written request is attached as Ex. 8 and the cover e-mail is attached as Ex. 9.  On the same day, CREEC received an automatic reply, attached as Ex. 10.

27.     On September 19, 2017 at 10:21 a.m. MDT, CREEC electronically filed (at ICE-FOIA@dhs.gov) a further FOIA request related to medical care subcontractors at ADF.  A copy of that request is attached as Ex. 11 and a copy of the cover e-mail is attached as Ex. 12.  CREEC received an automatic reply the same day, attached as Ex. 13.

28.     On September 19, 2017, at 10:25 a.m. MDT, CREEC electronically filed (at ICE-FOIA@dhs.gov) a further FOIA request regarding mental health services at ADF.  A copy of that request is attached as Ex. 14 and the cover e-mail is attached as Ex. 15.  CREEC received an automatic reply the same day, and a copy is attached as Ex. 16.

29.     On September 26, 2017, CREEC received an e-mail from ice-foia@dhs.gov, acknowledging receipt of the above three FOIA requests sent on September 19 and including

them under the same reference number as the August 15 FOIA request, 2017-ICFO-45386.  A copy of that e-mail is attached hereto as Ex.17

30.     CREEC's representative then checked the Department of Homeland Security "Check Status of Request" website, https://www.dhs.gov/foia-state, to determine the estimated time of delivery for CREEC's August 15 and September FOIA requests regarding ADF.  The website reported that the estimated time of delivery for Request No. 2017-ICFO-45386 was October 2, 2017.

31.     On November 6, 2017, CREEC's representative checked the Department of Homeland Security "Check Status of Request" website, https://www.dhs.gov/foia-status, for an update on CREEC's FOIA requests regarding ADF.  The website continued to report the estimated time of delivery for the request remained October 2, 2017.  A screenshot of that page of the FOIA tracker, including the date of the estimated delivery, is attached hereto as Ex. 18.

32.     On November 6, 2017, CREEC's representative sent a reply e-mail to ice-foia@dhs.gov, asking for the materials requested or an updated timetable for delivery regarding the various ADF requests, which were due on October 2, 2017.  A copy of that e-mail is attached hereto as Ex. 19.  CREEC received an automatic reply to that e-mail, copy attached as Ex. 20.

33.     On November 8, 2017, CREEC received a reply to its November 6 e-mail that stated, "Responsive documentation has been received and this request has been assigned to an analyst for processing."  A copy of that e-mail is attached hereto as Ex. 21.

34.     On November 14, 2017, CREEC's representative responded to ICE's e-mail asking when CREEC could expect to receive the documents requested.  A copy of that e-mail is

attached hereto as Ex. 22.  CREEC received an automatic reply e-mail, copy attached as Ex. 23,

but never received a substantive response to that e-mail.

35.     On December 7, 2017, having heard nothing further from the Defendants

regarding the ADF requests, CREEC's representative again sent an e-mail to Mr. Bittner in the

ICE FOIA office that requested a status report on both the 2017-ICFO-45386 and

2018-ICFO-03033 requests.  A copy of that e-mail is attached hereto as Ex. 24.  CREEC has not

received a response from Mr. Bittner.

36.     On December 14, 2017 at 2:57 MST, CREEC's representative called

(866) 633-1182, the phone number listed on the ICE website, https://www.ice.gov/foia/overview,

to inquire about the FOIA requests:  2017-ICFO-45386 and 2018-ICFO-03033.  The answering

auto-attendant provided two options related to FOIAs.  The CREEC representative first selected

an option that forwarded this call to a voicemail box; however, the box was full and the CREEC

representative was unable to leave a message.  The CREEC representative redialed the number at

3:00 p.m. MST, and selected an option that offered the opportunity to speak to someone about

pending FOIA requests, but the line produced a busy signal and then disconnected.  The CREEC

representative redialed and reselected the same option but was again connected to a full

voicemail box where she could not leave a message.

37.     On December 15, 2017, CREEC's representative used the Department of

Homeland Security "Check Status of Request" website, https://www.dhs.gov/foia-status, to

determine the estimated time of delivery for both the requests:  2017-ICFO-45386 and

2018-ICFO-03033.  The estimated date of delivery for Request No. 2017-ICFO-45386, the

requests regarding ADF, had been updated from October 2, 2017 to December 29, 2017.  A
screenshot of that page from the ICE FOIA website is attached as Ex. 25.

38.     On December 19, 2017, CREEC's representative called the ICE FOIA number,
(866) 633-1182.  Once again, the voicemail box was full and the CREEC representative was
unable to leave a message.  The CREEC representative redialed the number and selected an
option that offered the opportunity to speak to someone about pending FOIA requests, but the
line produced a busy signal and then disconnected.

39.     On December 22, 2017, CREEC's representative used the Department of
Homeland Security "Check Status of Request" website, https://www.dhs.gov/foia-status, to
determine the estimated time of delivery for both the requests:  2017-ICFO-45386 and
2018-ICFO-03033.  For Request No. 2017-ICFO-45386 the estimated date of delivery was
December 29, 2017.  A screenshot of that page from the ICE FOIA website is attached as Ex. 26.

40.     As of the date of this filing, no updated information has been provided by the
Department of Homeland Security on the "Check Status of Report" page regarding either
Request Nos. 2017-ICFO-45386 or 2018-ICFO-03033.

41.     Even assuming that a ten-business-day extension was warranted, a response to
CREEC's August 15 request should have been forthcoming by no later than September 26, 2017,
pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(B).  Once that request was combined with
CREEC's September 19 further requests concerning ADF, the response to the combined requests
should have been provided no later than October 17, 2017.  Even assuming that a ten-business-
day extension was warranted, a response to CREEC's combined August 15 and
September 19, 2017 requests should have been forthcoming by no later than October 31, 2017,

pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(B).  Despite its follow-up efforts, CREEC has

received no substantive response to its August 15, 2017 and September 19, 2017 requests.

42.    Pursuant to 5 U.S.C. § 552(a)(6)(C), CREEC is deemed to have exhausted any

and all administrative remedies with respect to FOIA Request Nos. 2017-ICFO-45386 and

2018-ICFO-03033, because Defendants failed to comply within the time limit set forth in

5 U.S.C. § 552(a)(6)(A).

**B.    Plaintiff's Request for Records Regarding ECDC**

43.    On September 29, 2017, CREEC electronically filed (at ice-foia@dhs.gov) an

FOIA request with ICE seeking certain categories of agency documents regarding conditions of

confinement at ECDC and the Defendant's oversight thereof.  A true and correct copy of that

written request is attached hereto as Ex. 27, and the cover e-mail is attached as Ex. 28.  This

request was addressed and submitted as directed by Defendants' regulations for the most prompt

disposition, 6 C.F.R. § 5.3.  On that same day, CREEC received an automatic reply from

ice-foia@dhs.gov, a copy of which is attached as Ex. 29.

44.    On October 20, 2017, CREEC received an e-mail from ice-foia@dhs.gov with an

Acknowledgment Letter acknowledging receipt of its September 29, 2017 FOIA request and

invoking the ten-day extension available in "unusual circumstances."  This letter indicated that

the September 29th FOIA request had been assigned Reference No. 2018-ICFO-03033.  A true

and correct copy of the October 20, 2017 e-mail is attached as Ex. 30.

45.    On October 24, 2017 at 9:45 a.m. MDT, CREEC received an e-mail from

ice-foia@dhs.gov requesting clarification of the September 29th ECDC FOIA request.  The

e-mail stated:

> In conducting a search for responsive records, the ICE FOIA office has determined that further clarification is needed regarding your request. To assist our procurement staff in the search for responsive documents, please provide the contract number or solicitation number. Please provide the ICE FOIA office with a response as soon as possible to avoid any further delay in the processing of your request. If a response is not received within 10 days, your request will be administratively closed.

The e-mail requesting clarification is attached hereto as Ex. 31.

46.     At 10:30 a.m. MDT on October 24, 2017, CREEC responded to ICE's e-mail requesting clarification providing such clarification. A true and correct copy of that response is attached hereto as Ex. 32.

47.     CREEC received an automatic acknowledgement to this e-mail, a true and correct copy of which is attached as Ex. 33. CREEC received no further requests for clarification.

48.     On or about October 30, 2017, CREEC's representative used the DHS "Check Status of Request" website, https://www.dhs.gov/foia-status, to determine the estimated time of delivery for the September 29th FOIA request regarding ECDC. The website advised CREEC's representative that the estimated time for delivery for the Request No. 2018-ICFO-03033 was November 19, 2017.

49.     On December 7, 2017 at 10:53 a.m. MST, CREEC's representative e-mailed Mr. Bittner at Mark.d.bittner@ice.dhs.gov at the address provided by the Defendants' Office of Diversity and Civil Liberties, requesting a status report on outstanding FOIA request, including the September 29, 2017 request regarding ECDC, Request No. 2018-IFCO-03033. A true and correct copy of that e-mail is attached as Ex. 34. CREEC received no response to this e-mail.

50.     On December 14, 2017 at 2:57 p.m. MST, CREEC's representative called (866) 633-1182, the phone number listed on the ICE website, https://www.ice.gov/foia/overview,

to inquire about, *inter alia*, FOIA Request No. 2018-ICFO-03033.  The answering auto-attendant

provided two options related to FOIA requests.  The CREEC representative first selected an

option that forwarded the call to a voice mailbox, however, the box was full and the CREEC

representative was unable to leave a message.  The CREEC representative redialed the same

telephone number at 3:00 p.m. MST, and selected an option that offered the opportunity to speak

to someone about a pending FOIA request, but the line produced a busy signal and disconnected.

The CREEC representative redialed the number and reselected the opportunity to speak to an

agent, but was again connected to a full mailbox where the representative was unable to leave a

message.

51.     On December 15, 2017, CREEC's representative used the DHS "Check Status of

Request" website, https://www.dhs.gov/foia-status, to determine the estimated time of delivery

for Request No. 2018-ICFO-03033 regarding ECDC was November 22, 2017.  A screenshot of

that page from the ICE FOIA website displaying this information is attached as Ex. 35.

52.     On December 18, 2017, CREEC's representative again used the DHS "Check

Status of Request" website, and received exactly the same information.  A screenshot of that

page from the ICE FOIA website displaying this information is attached as Ex. 36.

53.     On December 19, 2017, CREEC's representative again dialed the ICE FOIA

number, (886) 663-1182, but was again unable to leave a message due to a full mailbox or to

speak to anyone in the ICE FOIA office.

54.     As of the date of this filing, no updated information has been provided by the

Department of Homeland Security on the "Check Status of Report" page regarding request

2018-ICFO-03033.

55.     Even assuming that a ten-business-day extension was warranted, a response to CREEC's September 29, 2017 request should have been forthcoming by no later than November 10, 2017, pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and (a)(6)(B).  Despite its follow-up efforts, CREEC has received no response to the September 29th request other than the acknowledgements of receipt and request for clarification described above.

56.     Pursuant to 5 U.S.C. § 552(a)(6)(C), CREEC is deemed to have exhausted any and all administrative remedies with respect to FOIA Request No. 2018-ICFO-03033, because Defendants failed to comply within the time limit set forth in 5 U.S.C. § 552(a)(6)(A).

## CLAIMS FOR RELIEF

57.     CREEC realleges and incorporates herein by reference the allegations of ¶¶ 1 through 56 above.

58.     As of the date of this Complaint and in violation of the deadline set forth in 5 U.S.C. § 552(a)(6), Defendants failed to notify CREEC of any determination about whether Defendants will comply with the Plaintiff's FOIA Request Nos. 2018-ICFO-03033 and 2017-ICFO-45386, the reasons for any such determination, or CREEC's right to appeal any adverse determination to the head of the agency.

59.     As of the date of this Complaint, Defendants have failed to produce any records responsive to the request, indicate when responsive records will be produced, or demonstrate that the responsive records are exempt from production.

60.     Defendants have not invoked any FOIA exception, and none apply.  Even if one or more exemptions did apply to certain portions of the requested records, Defendants must disclose any reasonably segregable non-exempt portions.  5 U.S.C. § 552(a)(8)(A)(ii)(II).  And

even if ICE determines that all of the agency documents CREEC has requested are somehow exempt, ICE is required to inform CREEC of that determination.

61.     Defendants have violated 5 U.S.C. § 552(a)(6)(A) by failing to timely respond to CREEC's Requests Nos. 2018-ICFO-03033 and 2017-ICFO-45386.  As a result, Defendants may not charge CREEC any retrieval fees, duplication charges, or review fees as a condition of providing the requested records.  5 U.S.C. § 552(a)(4)(A)(viii).

WHEREFORE, Plaintiff, Civil Rights Education and Enforcement Center, requests that this Court enter judgment in its favor and

(a)     declare that Defendants' withholding of the requested records is unlawful, and permanently enjoin the same;

(b)     order Defendants to make the records available for Plaintiff;

(c)     enjoin Defendants from imposing any retrieval fees or duplication costs as a condition of providing the requested records;

(d)     order Defendants to produce a Vaughn index describing with particularity the content of any documents withheld, in whole or in part, and identifying the FOIA exemptions Defendants assert to justify such withholding;

(e)     award Plaintiff its costs and reasonable attorneys' fees in accordance with 5 U.S.C. § 552(a)(4)(E); and

(f)     order such other and further relief as the Court may deem just and proper.

Dated: February 7, 2018.

Respectfully submitted,


_____s/Thomas B. Kelley_____
Thomas B. Kelley
Colo. Atty. Reg. No. 1971
Amber R. Gonzales
Colo. Atty. Reg. No. 49993
BALLARD SPAHR, LLP
1225 Seventeenth Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 292-2400
Facsimile:  (303) 296-3956
kelleyt@ballardspahr.com
gonzalesa@ballardspahr.com


Timothy P. Fox
Colo. Atty. Reg. No. 25889
Elizabeth B. Jordan
N.Y. Atty. Reg. No. 5516422
La. Bar Roll No. 35186
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
104 Broadway, Suite 400
Denver, Colorado 80203
tfox@creeclaw.org
ejordan@creeclaw.org

*Attorneys for Plaintiff,*
*Civil Rights Education and Enforcement Center*

Plaintiff's Address:

104 Broadway, Suite 400
Denver, CO  80203