## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00302-RPM

**CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER**,

Plaintiff,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY** and
**UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,**

Defendants.

---

### PLAINTIFF'S RESPONSE TO DEFENDANTS' DECLARATION REGARDING ICE FOIA OFFICE WORKLOAD AND RESOURCES

---

Plaintiff, by its attorneys of record, submits this response to the Defendants' submission of the Declaration of ICE Officer Catrina Pavlik-Keenan Regarding ICE FOIA Office Workload and Resources (Doc. 25, filed 8/6/18) ("Declaration").

The Declaration represents that the ICE FOIA office has a staff limited to three paralegal employees, who are heavily burdened with tasks other than FOIA compliance, and able to review and respond to outstanding FOIA requests at a pace of not more than 500 pages per month in each case in ongoing litigation.  The Defendants seek to be relieved indefinitely from the requirements of the FOIA for prompt response to citizen requests for document disclosure on the sole available statutory grounds for such relief of "exceptional circumstances."  That statutory "safety valve" for "exceptional circumstances" expressly excludes any "delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates

reasonable progress in reducing its backlog of pending requests."  5 U.S.C. § 552(a)(6)(C)(i) &

(ii).  *See also Judicial Watch, Inc.*, 895 F.3d 770, 781–83 (D.C. Cir. 2018).

To meet its burden of showing an unpredictable workload and reasonable efforts to

reduce its backlog, the Declaration represents that the agency's workload of requests has jumped

from 44,748 requests in FY (ending September 30) 2015 to 79,915 requests during FY 2018 as

of July 30, 2018.  The Declaration does not identify any endeavor to reduce its backlog at any

time.

By way of background, we ask the Court to take judicial notice that early in 2017, the

Trump Administration announced a crackdown on undocumented non-citizens by, among other

things, hiring an additional 10,000 custom enforcement and removal officers. *See* Exhibit A,

Executive Order 13768:  Enhancing Public Safety in the Interior of the United States,

Jan. 25, 2017, 82 Fed. Reg. 8799.  The same day, the President issued Executive Order 13767:

Border Security and Immigration Enforcement Improvements, which called for the construction

and operation of a force of patrol agents and local law enforcement to secure the arrest and

detention of non-citizen immigrants.  *See* 82 Fed. Reg. 8793.  On February 20, 2017, the

Defendants issued their memoranda implementing both orders.  *See* Exhibit B, February 20,

2017 Department of Homeland Security Memorandum re: Enforcement of the Immigration Laws

to Serve the National Interest; Exhibit C, February 20, 2017 Department of Homeland Security

Memorandum re: Implementing the President's Border Security and Immigration Enforcement

Improvements Policies.  More recently, the Defendants have announced a "zero tolerance"

policy on undocumented non-citizens.  The 2018 ICE budget, prepared during FY 2017,

anticipates an enforcement crackdown and a drastic increase in the resources committed to

detention of non-citizen individuals, from 3.1 billion to 4.8 billion. *See* Department of Homeland Security/U.S. Immigration and Customs Enforcement/Budget Overview/Fiscal Year 2018/Congressional Justification ("2018 Budget") at p. ICE-11 https://www.dhs.gov/sites/default/files/publications/ICE%20FY18%20Budget.pdf. From these measures the increase in the number of FOIA requests directed to ICE was inevitable, not to mention entirely predictable.

The ICE Declaration is refuted by the budget request for ICE that was submitted to Congress for fiscal year 2018, which seeks an appropriation of slightly less than $8 billion to fund ICE's expanded operations in the area of arrest and detention of non-citizens, from slightly more than $6 billion in 2017. *Id.* at ICE-18. First, the Budget, prepared during FY 2017, anticipated 105,844 FOIA requests in 2018. *See id.* at p. ICE-O&S-30. The 2018 Budget submission is not only silent on any need for additional funds for FOIA compliance, but indicates to Congress that even in view of the anticipated increase in the volume of FOIA requests, the agency is adequately staffed and resourced to handle them. To the extent the budget request refers to FOIA compliance, it states as follows:

> . . . The Office of the Director is also responsible for liaising with Congress and the public, developing policy and procedures that apply across all of ICE, and responding to FOIA requests. As depicted in the graph below, the number of FOIA requests fulfilled in FY 2018 is expected to triple from FY 2014 levels. Higher productivity is attributed to a growing workforce and implementation of new software.



Thus, it is clear that the current level of FOIA requests being received by ICE was both predictable and in fact anticipated.  Yet the 2018 Budget request makes no mention of any funds needed or requested to address the anticipated increase in the number of FOIA requests.

To the extent the Declaration can be credited, it shows only that ICE has undertaken no steps to increase resources plainly inadequate to handle any volume of FOIA requests, which are limited to a staff of three employees devoted only part-time to reviewing FOIA requests. *Compare CareToLive v. U.S. Food & Drug Admin.*, 2018 WL 2201973 at *9 (S.D. Ohio May 22, 2008) (finding reasonable efforts to reduce backlog in response to 8,316 annual requests by expanding full-time FOIA staff from 18 to 28 and reducing its backlog by 50%).  To the contrary, the problem is only getting worse:  In December of 2017, the Defendants acknowledged their ability to process 800 to 1,000 pages per month, but are now down to 500 per month.  *See ACLU of S. Cal. v. U.S. Dep't of Homeland Sec.*, Case No. 2:17-cv-02778-RHW-AS (C.D. Cal. Dec. 13, 2017) at p. 5 (copy attached as Exhibit D).  It is clear that citizens' rights under FOIA will continue to be ignored and grow more meaningless unless and until courts enforce the law with vigor.

The Plaintiff hopes that the foregoing will inform this Court's determination of whether and to what extent the Court should tolerate Defendants' non-compliance with FOIA on the sole available basis of "exceptional circumstances" due to workload unpredictability and notwithstanding reasonable backlog reduction progress.

Dated: September 17, 2018.

Respectfully submitted,

*s/Thomas  B.  Kelley*

Thomas B. Kelley
Colo. Atty. Reg. No. 1971
Amber R. Gonzales
Colo. Atty. Reg. No. 49993
BALLARD SPAHR, LLP
1225 Seventeenth Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 292-2400
Facsimile:  (303) 296-3956
kelleyt@ballardspahr.com
gonzalesa@ballardspahr.com

Timothy P. Fox
Colo. Atty. Reg. No. 25889
Elizabeth B. Jordan
N.Y. Atty. Reg. No. 5516422
La. Bar Roll No. 35186
CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
104 Broadway, Suite 400
Denver, Colorado 80203
tfox@creeclaw.org
ejordan@creeclaw.org

*Attorneys for Plaintiff,*
*Civil Rights Education and Enforcement Center*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 17th day of September 2018, I served a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' DECLARATION REGARDING ICE FOIA OFFICE WORKLOAD AND RESOURCES** by filing same with the Court's CM/ECF filing system, which will send notification to the following:

   Mark S. Pestal, Esq.      mark.pestal@usdoj.gov
   Assistant U.S. Attorney
   Office of the United States Attorney
   1801 California, Suite 1600
   Denver, CO  80202

          *s/ Darlene Dethlefs*