# EXHIBIT D

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF SOUTHERN CALIFORNIA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No. 2:17-cv-2778-RHW<br><br>**ORDER SETTING PRODUCTION SCHEDULE** |

On November 13, 2017, the parties filed a Joint Status Report. ECF No. 42. A status conference occurred before this Court on December 1, 2017. ECF No. 49. At that time, the Court found there was insufficient factual evidence before it to determine the production capacity of Defendants and requested supplemental briefing. *Id.* In particular, the Court requested factual affidavits to address the production capability of the approximately 9,000 pages of documents identified to be specific to the Los Angeles Field Office. Both parties filed supplemental briefing (ECF Nos. 52, 53), and the Court heard argument on the matter on December 11, 2017. ECF No. 57.

Defendants provided a Declaration from Patrick A. Howard, Branch Chief within the Freedom of Information Act ("FOIA") Division of the United States

**ORDER SETTING PRODUCTION ORDER** * 1

1  Customs and Border Protection ("CBP") of the United States Department of
2  Homeland Security. ECF No. 52-1. Mr. Howard verified that CBP has identified
3  approximately 3,000 documents totaling approximately 9,200 pages as potentially
4  responsive to Plaintiffs' request. *Id.* at ¶ 5. 1,400 of these pages have been
5  processed, *id.*, and Defendants noted at argument that only approximately 300 of
6  those 1,400 were provided to Plaintiffs, either due to being non-responsive or
7  protected by a FOIA exemption.
8        Plaintiffs initially requested that the Court issue an order requiring
9  production of the remaining approximately 7,800 pages by December 22, 2017.
10  Mr. Howard's Declaration and argument by Defendants both asserted that this
11  would be impossible. Mr. Howard explained that FOIA requests of this nature
12  require multiple levels of review, as well as possible consultation with outside
13  agencies. ECF No. 52-1 at ¶¶ 33-36. Currently, CBP estimates that it can process
14  6,500 pages per month on average across all affiliates. *Id.* at ¶ 40.
15        Contrary to the Court's request, Defendants did not provide, either in
16  argument or in Mr. Howard's Declaration, an estimate of how many pages could
17  be processed monthly that are specifically responsive to Plaintiffs' request in this
18  district. Rather, Mr. Howard asserted that based on the nature of the request and
19  limitations of resources, CBP could not achieve a faster national monthly
20  processing rate. *Id.* at ¶ 41. Nothing in the supplemental briefing provided by
21  Defendants provided the Court with a factual basis on which to determine the
22  output capability for this specific request.
23        Five other courts have issued production orders for requests in similar FOIA
24  cases. *See ACLU of San Diego and Imperial Counties v. U.S. Dept. of Homeland*
25  *Security, et al.,* 17-cv-0733-L-JLB; *ACLU of Michigan v. U.S. Dept. of Homeland*
26  *Security and U.S. Customs and Border Protection*, 17-cv-11149-JEL-EAS; *ACLU*
27  *of Washington, et al. v. U.S. Dept. of Homeland Security, et al.*, 17-cv-00562-MJP;
28  *ACLU of Oregon, et al. v. U.S. Dept. of Homeland Security, et al.*, 17-cv-00575-

**ORDER SETTING PRODUCTION ORDER** * 2

HZ; *ACLU of Illinois et al. v. U.S. Dept. of Homeland Security, et al.*, 17-cv-02768. These orders each generally require production of roughly 800 to 1000 pages per month, although the Western District of Washington requires a larger production in the third month (*see ACLU of Washington, et al. v. U.S. Dept. of Homeland Security, et al.*, 17-cv-00562-MJP), and the District of Oregon has set a time deadline rather than a monthly production requirement (*see ACLU of Oregon, et al. v. U.S. Dept. of Homeland Security, et al.*, 17-cv-00575-HZ).

Defendants argue that they do not believe a production order is appropriate, but if they Court intends to issue one, they request it be 800 to 1,000 pages, similar to the output in five other court orders. Plaintiffs respond that production averaging 2,000-3,000 pages would be more appropriate, particularly given the length of time that has elapsed since their request. The request was sent on February 2, 2017. ECF No. 42 at 2.

The Court has reviewed the record in each of these cases and cannot determine the reasoning behind the number or the timeline on which it arrived. The Court seeks to avoid an arbitrary production order. In calculating the following production schedule, the Court has taken in account numerous factors and seeks to reach a balance between the public interest need in Plaintiffs' request and statements made by Defendants regarding the government's production abilities.

The Court notes that Defendants stated in argument that they would not oppose a production schedule of 1,000 pages per month. In the month of January, however, this would exceed their alleged 6,500 page maximum production capacity.  The Court reaches this conclusion by adding 1,000 pages to the following: 820 pages in the Eastern District of Michigan, 867 pages in the District of Oregon,[1] 950 pages in the Northern District of Illinois, 1,000 pages in the Southern District of California, and 2,700 pages in the Western District of

---

[1] The court order in the District of Oregon does not require an exact monthly production, however, it does require all production by May 31, 2018. The Court arrived at 867 as an average number for production by this date.

**ORDER SETTING PRODUCTION ORDER** * 3

Washington, the bulk remaining after two months of 1,000-page monthly production. This total is 6,337. If Defendants can produce 1,000 pages in this district monthly as presented to the Court in argument, this means the government has a higher capacity than 6,500 pages by 837. Thus, the Court finds it reasonable to conclude that the total monthly capability for production is 7,337 pages per month at this time, but based on representations by Defendant will increase by January.

The Court next calculated the total required production across the five existing court orders and subtracted these figures from 7,337 for each month. The Court arrives at the following production numbers: (1) December: 4,637 pages across all orders, resulting in a remaining capacity of 2,700 pages[2]; (2) January: 6,337 pages across all orders, resulting in a remaining capacity of 1,000 pages; and (3) February: 3,637 pages across all orders, with production in the instant case of all remaining documents that have not been turned over. The Court notes that the February output will be higher than the projected monthly capacity; however, Defendants represented to the Court that the government is actively increasing its production capacity, and the Court finds it reasonable to expect these enhanced procedures should be in place by February. Further, February 2018 will be one full year since Plaintiffs' requests. The Court finds this timeline of roughly 90 days since the December 1, 2017, status conference to be in the interest of justice.

**Accordingly, IT IS HEREBY ORDERED:**

1. By **January 2, 2018**, Defendants shall have reviewed for responsiveness and exemption under FOIA and then produced to Plaintiffs the first **2,700 pages** of documents identified as potentially responsive to Plaintiff's

---

[2] The Court notes that this order is being issued on December 12, 2017; however, the parties were put on notice at the December 1, 2017, status conference that the Court was inclined to issue a full production order by December 22, 2017, and thus Defendants should have been preparing accordingly.

**ORDER SETTING PRODUCTION ORDER** * 4

FOIA request, based on searches of records of the custodians in the CBP Los Angeles Field Office.

2. By no later than **January 31, 2018**, Defendants shall have reviewed for responsiveness and exemption under FOIA and then produced to Plaintiffs the next **1,000 pages** of documents identified as potentially responsive to Plaintiff's FOIA request, based on searches of records of the custodians in the CBP Los Angeles Field Office.

3. By no later than **February 28, 2018**, Defendants shall have reviewed for responsiveness and exemption under FOIA and then produced to Plaintiffs **all remaining** documents identified as potentially responsive to Plaintiff's FOIA request, based on searches of records of the custodians in the CBP Los Angeles Field Office.

4. By **March 14, 2018**, the parties shall submit a joint status report and proposed case schedule to the Court, including but not limited to the status of the case and a proposed briefing scheduled for motions.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 12th day of December, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER SETTING PRODUCTION ORDER** * 5