# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00302-RPM

**CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER**,

Plaintiff,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY** and
**UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,**

Defendants.

_____

**[proposed] ORDER REGARDING PRODUCTION SCHEDULE**
_____

THIS MATTER was before the Court for a Status Conference on December 7, 2018, and the Court heard statements from both parties as to the progress on producing the materials called for in the Plaintiff's narrowed list of documents which is now set forth in the Scheduling Order of September 25, 2018. The Court is of the view that in order for this matter to proceed in a reasonably expeditious fashion, the Defendants should be required to propose a schedule for producing the categories of documents listed in the Scheduling Order, in the priorities requested by the Plaintiff. At the Status Conference, the Defendants advised that the first category of documents so listed, consisting of contracts between Defendants and certain providers, will be subject to response and production during the week of December 10, 2018. The remaining categories, in the order prioritized by Plaintiff, are as follows:

    1.    ICE Directive, "Assessment and Accommodations for Detainees with Disabilities" (December 15, 2016). This directive is mentioned in section

        4.8 of ICE's 2011 standards under the section entitled "References" (this item, though not specifically mentioned in any prior request, is believed by Plaintiff to be within the requests referred to in item 4 of Schedule I).

2. Policies and procedures that apply to detainees with disabilities and accommodations therefor at Aurora and nationally. (Ex. 49, Req. 3; Ex. 61, Req. 1).

3. Detainee Death Reviews for only three facilities. (Ex. 1, Reqs. 16, 17; Ex. 27, Req. 25; Ex. 38, Req. 19).

4. Policies, locations, and access procedures for videophones, TTY/TTD machines, sign language interpreters, or other accommodations to communication-impaired detainees at Aurora. (Ex. 49, Reqs. 6-10).

5. Documents identifying facilities that have video phones nationally. (Ex. 61, Req. 3).

6. Documents that show identity and qualifications of the ADA Coordinator at Aurora. (Ex. 49, Req. 5).

7. Documents sufficient to provide an inventory of current staffing of medical personnel at Etowah and Aurora. (Ex. 27, Req. 7; Ex. 38, Req. 7).

8. Current policies and protocols about mental health care at Aurora. (Ex. 38, Req. 5).

9. Records or logs of denied requests for mental health services at Aurora. (Ex. 38, Req. 8).

10. Documents or communications reflecting policies, procedures, and staffing levels for providing of mental health services at Aurora. (Ex. 38, Req. 11; Ex. 49, Req. 3).

11. All field office reports on segregation of detainees at Aurora pursuant to section 5.3 of DHS Directive 11065.1 from 2013 to the present.

12. Documents sufficient to inform CREEC of the total number of detains at Aurora who are deaf/hard of hearing, blind/vision impaired, epileptic, use a wheelchair or have diabetes, and records or logs of dispositions of requests to accommodate same. (Ex. 38, Req. 22; Ex. 49, Reqs. 1 & 4).

13. Records from field offices documenting cases of serious physical or mental illness, requests to accommodate same, and disposition thereof in

    accordance with 2011 Performance-Based National Detention
    Standards 4.3 and 4 8.  (Ex. 61, Req. 2).

  The Court hereby directs the Defendants to specify, in a written production schedule, for each of the documents or category of documents listed above, the date by which the Defendants propose to complete review of the requested documents and respond to the request with production of the documents and/or any claims of exemption.  The production schedule shall be filed no later than December 20, 2018.

  A further Status Conference is set for January 18, 2019 at 10:00 a.m., at which time the Court will hear from the parties and make a determination as to the reasonableness of the proposed schedule or whether modifications are in order.

  DONE IN OPEN COURT this _____ day of _____, 2018.

          BY THE COURT:

          _____
          Richard P. Matsch
          Senior United States District Judge