# EXHIBIT 1

# Tom Kelley

| | |
|---|---|
| **From:** | Pestal, Mark (USACO) <Mark.Pestal@usdoj.gov> |
| **Sent:** | Monday, May 6, 2019 11:54 AM |
| **To:** | Tom Kelley |
| **Cc:** | Elizabeth Jordan; Jimenez, Chad P.; Gonzales, Amber R. |
| **Subject:** | RE: CREEC v. ICE |

Tom,

I've got a major deadline Friday. I'll look into this after that.

Thanks, Mark

**From:** Tom Kelley <tkelley@kln-law.com>
**Sent:** Monday, May 06, 2019 11:36 AM
**To:** Pestal, Mark (USACO) <MPestal@usa.doj.gov>
**Cc:** Elizabeth Jordan <ejordan@creeclaw.org>; Jimenez, Chad P. <jimenezc@ballardspahr.com>; Gonzales, Amber R. <GonzalesA@ballardspahr.com>
**Subject:** CREEC v. ICE

Hello Mark. You have asked me to direct all inquiries that involve legal issues to you. As we have personally developed a relationship of candor and trust, I now emphasize that the aspersions that follow are not cast at you. Please consider this an meet-and-confer communication pursuant to D.Colo.LCivR 7.1(a)

For the past two and one half months, we have continued to play the word search games with a 60k-page data set gathered within ICE a year ago with search terms your clients have refused to share with us. No search has been successful in locating the two missing death investigations for detainees Maradiaga and Samimi (d. 12/2/17 at Aurora), for which ICE claims "0" results, at least until last Thursday.

In our March 22 tel/con among counsel of record and Ann Rose, Esq., we asked how these documents could be non-existent, and asked that direct inquiries be made of persons who would know. The latter request was refused. Later the same day, we were advised by email from Ms. Rose that even if in existence when our request was made, the records would not have been included in the search results if not deemed complete when the search was made. In other words, we would have to start over.

On April 3, I sent you an email inquiring why, if the records were being withheld because of incompleteness, there has been no acknowledgement of their existence nor any claim of exemption, rather than simply a claim of non-existence. On April 24, you provided your client's response that "pending death investigations have not been withheld pursuant to a claim of exemption," but withheld instead because ICE chose to interpret the Plaintiff's request for "all death reviews" as calling for only for "completed death reviews." I trust you have no difficulty understanding why we found that position by ICE to be disingenuous.

In an email of last Thursday, April 25, ICE, thru you, acknowledged the existence of both death reviews. ICE said that, as to Mr. Maradiaga, ICE would check on completeness. After 2 years following Mr. Maradiaga's death, any claim of incompleteness is not credible. As to the Mr. Samimi's death review, ICE acknowledged completeness, and said it was being requested from OPR for whatever review is required by ICE FOIA before release.

We believe we (including the Court) have been misled by your client. Here is why:

As to Mr. Maradiaga, I received late last week a copy of a letter from ICE, written by the same ICE-FOIA officer that submitted a declaration in this case, dated January 18, 2018, addressed to another FOIA requester, denying her request for the Maradiaga investigation record. The denial acknowledged the existence of the death review, did not claim exemption on grounds of incompleteness, but only on the ground that disclosure might interfere with ongoing enforcement proceedings.

As to Mr. Samimi, a Complaint the ACLU recently filed in D.Colo. (Civil Action no. 19-cv-01036) alleges that the ACLU has requested Mr. Samimi's death investigation record since late December, 2017, and that, on July 3. 2018, an ICE representative advised that the investigation had been completed and the file forwarded to ICE-FOIA for review and prompt release. Id. ¶ 39. A copy of that pleading is attached. It appears this file has been in the hands of ICE-FOIA for 11 months, more than adequate time for complete review.

Hence it is clear that ICE has been well aware of both death investigation files for the entire pendency of this action but pretended they do not exist and put the plaintiff through meaningless and time-consuming word search exercises in a futile effort to find them in a data set ICE well knew did not contain them. ICE obviously finds these death investigation records problematic and prefers not to disclose them. In the process, ICE has committed violations of FOIA and sanctionable litigation conduct.

If ICE is unwilling to commit, within ten days of this date, to produce these files or assert a good faith claim of exemption by no later than May 29, my client has directed me to file a motion for sanctions.

In addition, our recent FOIA request that updated a small number of prior requests, including the two outstanding death investigations, will be ripe for inclusion in this case on May 22, 2018. I sincerely hope ICE will not make it necessary to proceed with the Rule 15 process and also agree to comply with these minor supplemental requests promptly.

At this point ICE's response regarding the death investigations take precedence over all else. However it is now undeniable that words searches are useless in locating policies and protocols. It is long past time for ICE to adhere to the Judge Matsch's clear direction at the last status conference to make direct inquiry of decision-makers (in D.C. and at Aurora) for the policies that inform their decisions on healthcare, disability, and isolation issues.

I look forward to your advice of ICE's position on these matters within the next ten days.

Sincerely,

Tom

Thomas B. Kelley
Of Counsel
**Killmer, Lane & Newman, LLP**
The Odd Fellows Hall
1543 Champa Street, Suite 400
Denver, CO  80202
(303) 571-1000 - Phone
(303) 571-1001 - Fax
tkelley@kln-law.com