IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00302-JLK

CIVIL RIGHTS EDUCATION AND ENFORCEMENT CENTER,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY and,
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

Defendants.

## DECLARATION OF MICHAEL S. MCCARTHY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES

Michael S. McCarthy declares, pursuant to 28 U.S.C. §1746, as follows:

1. I have been engaged by counsel for the Plaintiff, Civil Rights Education and Enforcement Center ("CREEC") to provide my opinion whether the fees for which Plaintiff seeks reimbursement in this case are reasonable under applicable professional and legal standards.

2. I submit this Declaration based on my personal knowledge and experience, on materials supplied to me by Plaintiff and on other materials upon which an expert would reasonably rely, as more fully described below.

3. My work in forming and expressing my expert opinion on the reasonableness of the attorney fees sought by Plaintiff is provided on a pro bono basis and I am not seeking compensation from Plaintiff for my services.

4. My opinions in this Declaration are limited to the reasonableness of the attorney fees for which Plaintiff seeks reimbursement as detailed in Plaintiff's Motion for Attorney Fees

1

filed with this court on June 8, 2020. I express no opinion on whether Plaintiff is legally entitled to recover attorney fees.

**PROFESSIONAL BACKGROUND AND CREDENTIALS OF THE DECLARANT**

5. I am a graduate of the University of Michigan (A.B. 1971) and the University of Colorado School of Law (J.D. 1975) where I served as an editor of the Law Review.

6. I was admitted to practice law in Colorado in 1975 and I have been continuously engaged in law practice in this state since that time.

7. I am a partner in the firm of Faegre Drinker Biddle & Reath LLP, a firm that was formed effective February 1, 2020 from the combination of Faegre Baker Daniels LLP and Drinker Biddle & Reath LLP. Prior to that date, I was a partner in Faegre Baker Daniels LLP (2012-2020) and Faegre & Benson LLP (1988-2012).

8. I began my practice of law in 1975 as an associate (1975-1979) and subsequently as a Shareholder (1979-1988) in the firm of Conover McClearn & Heppenstall, P.C.

9. My law practice over the past 45 years has focused primarily on civil trial work and business litigation in a wide variety of matters and involving many different areas of substantive law. I have tried approximately 50 cases to verdict or judgment and have argued dozens of matters on appeal in both state and federal courts.

10. In 2004, I was inducted as a Fellow in the American College of Trial Lawyers and am presently serving as the Chair of the Colorado State Committee of the College which identifies and nominates qualified Colorado lawyers for induction as Fellows in the College.

11. From 2004 through 2012, I served as a member of the Faegre & Benson Management Committee and in that role participated in the evaluation and adoption of billing rates

2

in the various geographic areas where the firm practiced, specifically including the determination of billing rates that the firm would charge in the Denver market.

12.  Throughout my time in private practice my work has been billed on an hourly rate basis. For the past 40 years I have had client billing responsibility for hundreds of clients and reviewed thousands of client bills for reasonableness and compliance with the applicable Rules of Professional Conduct, including Colorado Rule of Professional Conduct 1.5.

13.  As a lawyer practicing continuously in this state for the past 45 years, I am generally familiar with the billing rates charged by law firms in the Denver Metropolitan Area.

14.  I have not previously accepted any engagements as an expert witness on the reasonableness of attorney fees or otherwise.

## MATERIALS CONSIDERED AND STANDARDS APPLIED IN FORMING DECLARANT'S OPINIONS

15.  The materials, sources of information and standards that I considered or applied in forming my opinions include:

   a. Multiple pleadings, motions and briefs filed by the parties and Orders entered by the Court in this case;

   b. Copies of billing statements from the firms of Ballard Spahr, LLP, Killmer Lane Newman LLP and Armstrong Teasdale LLP, as well as itemizations of time recorded and applicable rates prepared by lawyers acting as such while employed by Plaintiff CREEC;

   c. Various surveys and reports compiling information on billing rates charged by firms practicing in the Denver area.

  d. Biographical and other background information for the lawyers whose work is the basis for Plaintiff's fee motion;

  e. Near final drafts of Plaintiff's Motion for Attorney Fees in this case together with supporting Declarations from Mr. Kelley and Mr. Fox;

  f. Multiple telephone conferences with Mr. Kelley, in his capacity as counsel of record for Plaintiff;

  g. The language of the applicable provision of the federal Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E);

  h. Applicable federal case law on the reasonability of rates charged and hours expended under the lodestar methodology articulated in <u>Robinson v. City of Edmond</u>, 160 F. 3d 1275, 1281 (10th Cir. 1998); <u>Center for Biological Diversity v. U.S. Fish and Wildlife Service</u>, 703 F.Supp. 2d 1243 (D. Colo. 2010); and <u>Lucas v. Kmart Corp.</u>, 2006 WL 2729260 (D. Colo.) (Kane, J.); and

  i. The factors and standards, where applicable, of Colorado Rule of Professional Conduct 1.5.

**SUBSTANCE OF THE CASE AND RELATIONSHIP TO ATTORNEY FEES AWARD**

16. Based on my review of the pleadings and other papers filed in this case, together with my conversations with Mr. Kelley, I understand that this is a case brought by Plaintiff under the federal Freedom of Information Act, 5 U.S.C. §552 (FOIA) to compel compliance by Defendants with their legal obligations to respond to Plaintiff's request for information concerning

4

US.128144910.04

the conditions of confinement under which detainees are held by Defendants at various detention facilities.

17. Plaintiff's agency record requests are focused in particular on obtaining information concerning the adequacy and availability of health care for detainees at Defendants' detention facilities and any attendant health consequences, and concerning accommodations for detainees with disabilities.

18. In evaluating the effort expended on and hours devoted to the prosecution of this case by Plaintiff's lawyers, among the factors that I took into account generally were the degree of current public interest regarding the issue of immigration and the relationship of that issue to Plaintiff's stated mission to protect and defend civil rights and to educate the public concerning civil rights issues.

## REASONABLENESS OF THE HOURLY RATES SOUGHT

19. It is my understanding that the hourly rates of the attorneys and legal assistants for whose work a fee award is sought are as follows:

| LEGAL PROFESSIONALS | HOURLY RATES |
|---|---|
| **ATTORNEYS** | |
| Thomas B. Kelley | $645/hour |
| Amber Gonzalez | $300/hour |
| Chad Jimenez | $320/hour |
| Timothy Fox | $540/hour |
| Elizabeth Jordan | $355/hour |

LEGAL ASSISTANTS/PARALEGALS

| | |
|---|---|
| Ana Diaz | $175/ hour |
| Caitlin Hall | $175/hour |
| Merieme Diop | $175/hour |
| Charlotte Scull | $175/hour |

20. In my opinion, the rates charged for these legal professionals are reasonable and within or below the range of rates charged in the Denver Metropolitan Area for lawyers and legal assistants with comparable levels of experience.

21. Specifically, billing rates charged for partners practicing in the Denver and Boulder Offices of my firm during the 2017-2019 time period with levels of experience comparable to Mr. Kelley ranged from $875 - $960; and those with levels of experience comparable to Mr. Fox ranged from $660 - $730.

22. Billing rate surveys and studies that I considered with respect to the Denver market for the relevant time period showed billing rates for lawyers with experience equivalent to Mr. Kelley and Mr. Fox that were generally comparable to the rates for those lawyers that are included in the fee award motion in this case.

23. Similarly, rates at my firm during 2017-2019 for associates with experience levels comparable to Ms. Gonzalez ranged from $250 to $485; and for Mr. Jimenez and Ms. Jordan from $295 to $595. These associate rates were comparable to the ranges of rates presented in surveys and studies that I consulted. Likewise, the legal assistant rates for which recovery is sought here

fall within the rate ranges for the relevant time period both at my firm and in broader market surveys.

24.     In my opinion, the reasonability of the rates sought here is further supported by the excellent quality of the legal work performed by Plaintiff's counsel as reflected in the pleadings and papers that I reviewed. The rates of Mr. Kelley and Mr. Fox are also supported by their outstanding reputations and deep experience in constitutional, civil rights and public interest law.

### REASONABLENESS OF THE HOURS EXPENDED FOR WHICH REIMBURSEMENT IS SOUGHT

25.     In evaluating the reasonability of the hours expended by Plaintiff's attorneys and legal assistants for which a fee award is requested, I considered the factors set forth in the federal lodestar case law as well as the considerations enumerated in Colo. R.P.C. 1.5.

26.     Specifically, under the lodestar test of the federal case law (*i.e.*, a reasonable hourly rate multiplied by a reasonable number of hours expended) I took into account:

1. whether the tasks billed would normally be billed to a paying client;
2. the number of hours spent on each task;
3. the complexity of the case;
4. the number of reasonable strategies pursued;
5. the responses necessitated by the actions of the other side; and
6. potential duplication of services by multiple timekeepers.

See, Robinson, 160 F.3d at 1281.

27.     Under Colorado R.P.C. 1.5, the applicable factors that I considered are set forth at subsections (a)(1) [time and labor required, novelty and difficulty of questions and skill level required]; (a)(3) [fee customarily charged]; (a)(4) [amount involved and results obtained]; (a)(5)

7

[time limitations imposed by circumstances]; and (a)(7) [experience, reputation and ability of the lawyers performing the service].

28. I then applied these factors, to the extent reasonably possible, to the time entries reflected on the billing statements and time summaries that were initially provided to me by Plaintiff's counsel. In doing so, I made suggestions to delete or reduce certain time entries; however, most of the tasks and related time entries reflected on the bills and summaries that I reviewed were both justified in nature and reasonable in amount, in my opinion.

29. My opinion on the reasonability of the time spent by Plaintiff's lawyers is based on various considerations, some of which are unique to the circumstances of this case. Particularly significant here is the nature of the defense mounted by the Defendants and their counsel at the Justice Department.

30. My review of the filings in the case and my conversations with Mr. Kelley confirm my impression that the Defendants offered considerable passive resistance to Plaintiff's FOIA compliance demands. These tactics by Defendants necessitated a great deal of effort and tenacity by Plaintiff's counsel to secure the targeted materials from Defendants.

31. The complexity of the case also supports the amount of time spent by Plaintiff's counsel. In this instance, much of the complexity arose from the broader circumstances of the immigration controversies in which the Defendants have been embroiled. Counsel for the Defendants repeatedly represented to this Court that the "special circumstances" attending the national immigration situation justified extended delays in complying with Plaintiff's FOIA demands. Plaintiff's counsel were required to take an extensive amount of time in factual investigation and research to rebut the Defendants' claims.

US.128144910.04

32.     The results obtained by Plaintiff's counsel provide additional grounds supporting the time and effort that they spent on this case.  Due to tenacious litigation pressure brought to bear by Plaintiff's counsel, Judge Matsch ultimately directed Defendants to produce the targeted records at a brisk clip.  Importantly, Plaintiff's counsel, through the prosecution of a sanctions motion, were able to obtain one of their highest priority production items in the form of Detainee Death Reviews conducted for specific individuals who had been held in the custody of Defendants.

33.     Finally, I will note that the experience, reputation and ability of Plaintiff's attorneys justify both the rates charged and the time spent in prosecuting this case.  Mr. Kelley and Mr. Fox are widely regarded as among the most experienced and skillful civil rights and constitutional law practitioners in the Denver area.  That skill and experience was reflected in the strategies that they developed in this matter.  I also believe that the quality and efficiency of the work done by Ms. Gonzalez and Ms. Jordan is reflected in the strong filings submitted by Plaintiff and the comparatively modest amount of time those lawyers spent to generate that work.

34.     In my opinion, and to a reasonable degree of certainty, the time spent and rates charged by Plaintiff's attorneys and their legal assistants, as reflected in the tabulation below, is reasonable as measured by controlling fee award standards under the facts and circumstances of this case.

| **TIMEKEEPER** | **TOTAL HOURS EXPENDED** | **VALUE OF HOURS EXPENDED** |
|---|---|---|
| Thomas B. Kelley | 286.9 @ $645/hour | $185,050.50 |
| Timothy Fox | 12.0 @ $540/hour | $6,480.00 |
| Amber Gonzales | 50.2 @ $300/hour | $15,060.00 |
| Elizabeth Jordan | 83.0 @ $355/hour | $29,465.00 |

9

| TIMEKEEPER | TOTAL HOURS EXPENDED | VALUE OF HOURS EXPENDED |
|---|---|---|
| Chad P. Jimenez | 7.6 @ $320/hour | $2,432.00 |
| Paralegals | 24.7 @ $175/hour | $4,322.50 |
| **TOTAL:** | **464.4 total hours** | **$242,810.00** |

## CONCLUSION

Based on my knowledge and experience, it is my opinion that the amount of $242,810.00 represents reasonable attorneys fees for the work done by Plaintiff's counsel in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

DATED this 3rd day of June, 2020.

Michael S. McCarthy

US.128144910.04